UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN PITTS,

                Petitioner,

- against -

DISTRICT ATTORNEY CHARLES J. HYNES
and PRESIDING JUSTICE MICHAEL J.
BREENAN,

                Respondents.
------------------------------------------------------------X

MEMORANDUM AND ORDER
13-CV-3934 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 25, 2013, *pro se* petitioner Steven Pitts filed the instant petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. The petition was transferred to this Court on July 12, 2013. Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred

## BACKGROUND

Petitioner pled guilty to second degree assault on October 20, 2009 and was sentenced on June 2, 2010 in the New York Supreme Court, Kings County. (Pet. ¶ 2.) The Supreme Court of New York, Appellate Division, Second Department, affirmed the conviction on June 7, 2011. *People v. Pitts*, 925 N.Y.S.2d 365, 85 A.D.3d 823, 2011 WL 2298726 (N.Y. App. Div. 2011). His application for leave to appeal to the New York Court of Appeals was denied on September 27, 2011. *People v. Pitts*, 17 N.Y.3d 861, 932 N.Y.S.2d 26, 956 N.E.2d 807 (2011). Petitioner did not appeal to the United States Supreme Court. Petitioner states that he filed a petition for a

1

writ of error *coram nobis* on January 26, 2012, which was denied by the New York Appellate Division on June 6, 2012. (Pet. ¶ 11(c).)

In the section of the petition related to timeliness, petitioner asserts that he "had no appointed counsel for contin[u]ous appeal." (Pet. ¶ 18.) The instant petition is accompanied by an application requesting the appointment of *pro bono* counsel.

## DISCUSSION

### I.     The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations may be equitably tolled. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied*, 531 U.S. 840 (2000). "Equitable tolling,

2

however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (quoting *Smith*, 208 F.3d at 17).  A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time."  *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003), *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000).  *See also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").  However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

II.   **Application of the Law to this Case**

The facts alleged in the petition are insufficient to determine whether petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed within the statute of limitations.  The Court of Appeals denied leave to appeal on September 27, 2011.  As petitioner did not pursue his appeal to the United States Supreme Court, the judgment of conviction became final ninety days later on December 26, 2011, when the time to seek a writ of certiorari

3

expired.  If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had one year from that date, until December 26, 2012, to file his petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled from January 26, 2012 to June 6, 2012 while his state petition for post-conviction relief was pending.  Between the time the conviction became final on December 26, 2011 and petitioner filed his motion for post-conviction relief on January 26, 2012, 31 days of the limitations period had elapsed.  After the petition for collateral relief was denied on June 6, 2012, petitioner allowed a further 384 days to elapse before he filed the instant petition on June 25, 2013.  Accordingly, the petition is untimely filed.

Petitioner may benefit from equitable tolling if he can demonstrate "that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone*, 273 F.3d at 138.  Petitioner asserts that he lacked access to counsel throughout the post-conviction period and had to continue the process *pro se*, but he has not demonstrated any extraordinary circumstance that would have prevented him from filing his petition within the limitations period.  The Second Circuit has held that equitable tolling is not appropriate "whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel." *Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.") and *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (noting that the Supreme Court's precedents do not "imply that there is a constitutional right to counsel in federal habeas corpus").

4

## CONCLUSION

Accordingly, petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[1]  *See Day*, 547 U.S. at 209-10; *Acosta*, 221 F.3d at 125.  If he believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations.

No response shall be required from respondents at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order.  If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, any appeal from this Order would not be taken in good faith and a certificate of appealability shall not issue.

The Clerk of Court is directed to send a copy of this Memorandum and Order to petitioner, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York

*Roslynn R. Mauskopf*

August 5, 2013

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEVEN PITTS,

                Petitioner,                                                <u>PETITIONER'S AFFIRMATION</u>
                                                                               13-CV-3934 (RRM)

    - against -

DISTRICT ATTORNEY CHARLES J. HYNES
and PRESIDING JUSTICE MICHAEL J.
BREENAN,

                Respondents.
-----------------------------------------------------------X
STATE OF NEW YORK    }
                               } ss:
COUNTY OF _____  }

       I, STEVEN PITTS, make the following affirmation under the penalties of perjury:

       1.     I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2013.  The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

_____
Signature

_____
Address

_____

_____
City, State & ZIP