UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEVEN PITTS,

                      Petitioner,                      **MEMORANDUM AND ORDER**
                                                                       13-CV-3934 (RRM)

     - against -

DISTRICT ATTORNEY CHARLES J. HYNES
and PRESIDING JUSTICE MICHAEL J.
BREENAN,

                      Respondents.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      On June 25, 2013, *pro se* petitioner Steven Pitts petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Southern District of New York. The petition was transferred to this Court on July 12, 2013. On August 5, 2013, this Court granted petitioner's request to proceed *in forma pauperis* and directed petitioner to submit an affirmation by September 4, 2013, showing cause why the Court should not dismiss his petition as time-barred. On August 22, 2013, the Court received an affidavit from petitioner dated August 19, 2013. For the reasons set forth below, the petition is dismissed as time-barred.

## BACKGROUND

      Petitioner pled guilty to second degree assault on October 20, 2009 and was sentenced on June 2, 2010 in New York Supreme Court, Kings County. The New York Appellate Division, Second Department, affirmed petitioner's conviction on June 7, 2011. *People v. Pitts*, 925 N.Y.S.2d 365 (N.Y. App. Div. 2011). On September 27, 2011, the New York Court of Appeals denied leave to appeal. *People v. Pitts*, 956 N.E.2d 807 (N.Y. 2011). Petitioner did not appeal to the United States Supreme Court. On or about October 24, 2011, petitioner filed a notice of motion in the New York Court of Appeals seeking an inquiry concerning appellate counsel's

performance and requesting permission to file an additional direct appeal. In a letter dated October 27, 2011, the Clerk of the Court of Appeals responded that "Only one application may be taken from a particular intermediate appellate court order." (Aff. Ex. 3 (Doc. No. 8).) On or about January 10, 2012, petitioner filed a motion for a writ of error *coram nobis*, which the Appellate Division denied on June 6, 2012.[1] *See People v. Pitts*, 944 N.Y.S.2d 924 (N.Y. App. Div. 2012). Petitioner filed the instant petition 384 days after this denial, on June 25, 2013. (Pet. (Doc. No. 1).)

In the section of his petition related to timeliness, petitioner asserts that he "had no appointed counsel for contin[u]ous appeal." (Pet. ¶ 18.) In his subsequent affidavit, petitioner asserts that "as of September 30, 2011," appointed counsel failed to inform him of "other forms of relief p[er]taining to his appeal," thereby "abandon[ing] petitioner with no certainty" as to which measures petitioner could take as of that date. (Aff. ¶ 1.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period for a person in custody pursuant to a state court judgment to petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute provides that the limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Although petitioner does not indicate the exact date he filed the *coram nobis* motion, he annexes a copy of the motion with a notation that he drafted and revised the motion on January 10, 2012. (Aff. Ex. 4.) Petitioner also annexes a January 26, 2012 letter from the Clerk of the Appellate Division, Second Department, stating that the court had received the motion. (Aff. Ex. 5.) As explained below, the exact date petitioner filed the motion is immaterial to the Court's determination that the petition is time-barred.

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute provides for tolling the limitations period while a "properly filed" application for post-conviction or other collateral review is "pending." 28 U.S.C. § 2244(d)(2). The Court may also equitably toll the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied*, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in rare and exceptional circumstances." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (internal quotation marks omitted), *cert. denied*, 535 U.S. 1017 (2002). To receive equitable tolling, a petitioner "must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152–53 (2d Cir. 2003); *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000). Before dismissing, *sua sponte*, a state prisoner's habeas petition as untimely, the court must give the petitioner notice and an opportunity to be heard, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely." *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000).

In the instant case, the limitations period accrued on December 26, 2011, when petitioner's time to seek a writ of certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A). At least fifteen days of the limitations period elapsed before petitioner filed his *coram nobis* motion on

January 10, 2012.[2] Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period was tolled from approximately January 10, 2012 to June 6, 2012, while the *coram nobis* motion was pending. After the Appellate Division denied the motion on June 6, 2012, petitioner allowed 384 days to elapse before he filed the instant petition on June 25, 2013. Petitioner fails to establish any grounds for statutory tolling after June 6, 2012. Accordingly, the petition is untimely.

Petitioner argues that the Court should equitably toll the limitations period because after the Court of Appeals denied leave to appeal on September 27, 2011, he received no advice from counsel concerning what other forms of relief were available and was required to continue *pro se* in seeking post-conviction relief.

After reviewing the petition, petitioner's subsequent affidavit, and the documents annexed thereto, the Court finds that petitioner fails to show "that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." *Smaldone*, 273 F.3d at 138 (internal quotation marks omitted). Petitioner took no action for over a year after the Appellate Division denied his *coram nobis* motion on June 6, 2012, allowing 384 days to elapse before he filed the instant petition on June 25, 2013. Accordingly, petitioner fails to demonstrate that he acted with reasonable diligence in pursuing his rights after June 6, 2012.

Moreover, any alleged failure of counsel to represent petitioner during this period is not an extraordinary circumstance that would justify equitable tolling. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) (stating that equitable doctrine does not permit tolling "whenever a petitioner must face the daunting procedural

---

[2] The exact date petitioner filed the *coram nobis* motion is immaterial because after the Appellate Division denied that motion on June 6, 2012, petitioner allowed more than a year to elapse before he filed the instant petition on June 25, 2013.

4

obstacles to obtaining habeas review without the assistance of counsel"); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (finding that petitioner's *pro se* status did not merit equitable tolling); *Walker v. Artuz*, No. 98 Civ. 2572, 2002 WL 34243994, at *3 (2d Cir. May 17, 2002) (holding petitioner's *pro se* status insufficient to warrant equitable tolling). Accordingly, petitioner fails to establish any grounds for equitable tolling, and the instant petition is time-barred.

## CONCLUSION

The petition for a writ of habeas corpus is dismissed as time-barred. The Clerk of the Court is directed to enter judgment accordingly, close this case, and mail copies of this Memorandum and Order, and the accompanying Judgment, to petitioner at the address listed for him on the docket.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED.

Dated: Brooklyn, New York
November 1, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

5